**NOT FOR PRINTED PUBLICATION**

**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SEAN KELLY AND SHANNON KELLY AS NEXT FRIENDS OF C.K., A MINOR | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 4:12-CV-756 |
| ALLEN INDEPENDENT SCHOOL DISTRICT, MARK R. HUTSON, JENNIFER D. HUTSON, INDIVIDUALLY AND AS NEXT FRIENDS OF B.H., A MINOR | § § § § § § § | JUDGE RON CLARK |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On December 30, 2013, the United States Magistrate Judge issued his report and recommendation [Doc. #69], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant Allen Independent School District's Motion for Summary Judgment [Doc. #40] be granted.

Plaintiffs filed their objections to the report and recommendation on January 14, 2014 [Doc. #73]. Defendant Allen ISD filed its response on January 21, 2014 [Doc. #76].

This case is a Title IX suit for sexual harassment of a student, C.K., by two other students that occurred while C.K. was at school. The Magistrate Judge concluded that Defendant Allen ISD's motion for summary judgment should be granted because (1) Allen ISD did not have actual knowledge of the harassment; (2) the alleged harassment was not based upon C.K.'s gender; and (3) Allen ISD did not act with deliberate indifference toward C.K. [Doc. #69].

1

Plaintiffs first object to the legal standard set out in the Magistrate Judge's report, arguing that the Magistrate Judge "imposed additional elements to Plaintiffs' claims that were not supported by Title IX law, namely the requirement that gender must be the basis for the harassment or that there must be a disparity in treatment between boys and girls" [Doc. #73 at 1]. Plaintiffs' objection is without merit. The Magistrate Judge set out the correct standard for Title IX cases, as set forth by the United States Supreme Court and the Fifth Circuit, which requires a Plaintiff to demonstrate that: (1) a district had actual knowledge of the harassment; (2) the harasser was under the district's control; (3) the harassment was based on the victim's sex; (4) the harassment was "so severe, pervasive, and objectively offensive that it effectively bar[red] the victim's access to an educational opportunity or benefit"; and (5) the district was deliberately indifferent to the harassment. *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999); *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011). [Doc. #69 at 9-10]. Clearly, Title IX harassment must be based on the victim's sex, and showing a disparity in treatment between boys and girls is one way a plaintiff may make this showing. Plaintiffs' objection is overruled.

Plaintiffs also object to the finding of the Magistrate Judge that Allen ISD had no actual knowledge of the harassment. Plaintiffs contend that Allen ISD should be deemed to have had actual knowledge by its failure to supervise its students in gym class. However, the United States Supreme Court and the Fifth Circuit Court have rejected the idea that Title IX liability can be established on a constructive notice standard. *See Gebser v. Lago Vista Independent School District*, 424 U.S. 274, 285-90, 118 S. Ct. 1989, 1997-99 (1998) (Title IX liability will not lie where the School District lacks actual knowledge of the conduct); *Rosa H. v. San Elizario Independent School District*, 106 F.3d 648, 652-56 (5th Cir. 1997) (constructive notice standard

is essentially grounded in negligence and will not support a Title IX claim). Plaintiffs' objection is overruled.

Plaintiffs then describe the evidence attached to their summary judgment motion at length to the court, presumably to demonstrate that Allen ISD had actual knowledge of the harassment that occurred in this case. Plaintiffs cite numerous student witness statements, describe the investigation of Mr. Puster, assistant principal of Curtis Middle School that primarily conducted the investigation, and discuss the testimony of Ms. Kennedy, principal of Curtis Middle School. All of this evidence merely confirms the Magistrate Judge's finding that Allen ISD had no actual knowledge of the harassment. The student statements clearly state that the incidents would happen at times when there was no adult supervision. Mr. Puster's testimony establishes that he first learned of the harassment allegations on December 9, 2010, when he began conducting the investigation. There is nothing in Plaintiffs' evidence to suggest that Mr. Puster knew about the harassment before this time. It is unclear for what purpose Plaintiffs describe the testimony of Ms. Kennedy, as there is no indication that she had any knowledge of any harassment prior to the investigation of these incidents. Thus, there is no evidence to support Plaintiffs' assertion that Allen ISD had actual knowledge of any harassment. Plaintiffs' objection is overruled.

Plaintiffs next object to the finding of the Magistrate Judge that Allen ISD did not act with deliberate indifference toward C.K. It appears that in support of this objection, Plaintiffs claim that Allen ISD did nothing to prevent the harassment, the Title IX coordinator "is nowhere to be found," and that Allen ISD policies do not address Title IX compliance [Doc. #73 at 15].

Plaintiffs are incorrect in their assertion that Allen ISD policies do not address Title IX compliance. The Magistrate Judge found that "Allen ISD policy prohibited discrimination, including harassment against any student on the basis of race, color, religion, gender, national

origin, disability, or any other basis prohibited by law. Allen ISD policy also prohibited bullying and provided a procedure for reporting bullying" [Doc. #69 at 5]. Further, it is irrelevant that the Title IX coordinator "is nowhere to be found." The Title IX coordinator at the time of this incident is now retired and was unable to be located. Finally, the Magistrate Judge found that "there is significant evidence indicating that, in fact, Defendant took C.K.'s allegations very seriously, and acted appropriately in response." [Doc. #69 at 15]. Plaintiffs simply have no evidence that demonstrates deliberate indifference. Plaintiffs' objection is overruled.

Finally, Plaintiffs object to the finding of the Magistrate Judge that there is no evidence that the discrimination was based on gender. The Magistrate Judge concluded that there is no evidence that could lead to the conclusions that the harassment that occurred was based on C.K.'s sex [Doc. #69 at 13]. The Magistrate Judge noted that the alleged harassers were "T-bagging" everyone, including both males and females during gym class. *Id*. Plaintiffs appear to claim that a different type of disciplinary action was taken against K.M., a female student who physically assaulted C.K., and B.H. and T.B., male students who harassed and bullied C.K. [Doc. #73 at 16]. This is incorrect. First, the conduct of these three students was not the same, as K.M. pulled hard on the back of C.K.'s jacket and asked why C.K. was causing trouble for her friends. B.H. and T.B. bullied and "T-bagged" C.K. multiple times in gym class. This conduct is not the same. However, the evidence demonstrated that these students all received the exact same treatment. All three were sent immediately to in-school suspension and later assigned to 67 days in alternative placement. Further, it is unclear how this argument even impacts the court's analysis under Title IX, since the harassment must be based on the gender of the victim. Plaintiffs' objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiffs' objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #69] is hereby adopted, and Defendant Allen Independent School District's Motion for Summary Judgment [Doc. #40] is **GRANTED** and Plaintiffs' Title IX claim against Defendant Allen Independent School District is **DISMISSED** with prejudice.

In addition to their federal claims, Plaintiffs also have a pending state law claim under the Texas Family Code against Defendants Mark Hutson and Jennifer Hutson, parents of B.H. This order disposes of all federal claims in this suit, so the only remaining claim is the plaintiffs' state law claim. The court declines to exercise its supplemental jurisdiction over this claim, and finds that Plaintiffs' claim against Defendants Mark Hutson and Jennifer Hutson arising under the Texas Family Code is **DISMISSED** without prejudice.

So **ORDERED** and **SIGNED** this **2** day of **February, 2014.**

_____
Ron Clark, United States District Judge